A. O. SMITH CORPORATION, Plaintiff and Appellant, v. BARTELT and wife, Defendants and Respondents: A. O. SMITH HARVESTORE PRODUCTS, INC., and others, Impleaded Defendants and Respondents.

*No. 63. Argued January 9, 1970.—Decided February 6, 1970.*
(Also reported in 173 N. W. 2d 631.)

For the appellant there were briefs by *Hill, Miller, Quale & Hartmann* of Baraboo, and oral argument by *Forrest D. Hartmann.*

For the respondents Melvin and Ivy Bartelt there was a brief by *Callahan & Arnold* of Columbus, and oral argument by *Clark Arnold.*

For the respondent Lester A. Helgesen, Inc., there was a brief by *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

HANLEY, J. Two issues are presented on this appeal:

(1) Did the trial court err when it held as a matter of law that Lester A. Helgesen, Inc., acted as an agent of the appellant A. O. Smith Corporation in the construction of the Harvestore silo; and

(2) Did the trial court err when it held that appellant A. O. Smith's claim for the unpaid balance of its note was barred by failure to comply with secs. 241.13 and 241.134, Stats. 1963?

*Determination of agency.*

The appellant's notice of appeal states that the appeal is from that part of the judgment which adjudges that the action on the cognovit note for deficiency be dis-

missed on the merits. We fail to see wherein the issue of agency is material to or affects the judgment appealed.

The question of agency, as between appellant and Helgesen, was a material issue in the action on the cross complaint and counterclaim. However, no appeal was taken from that judgment which was entered on August 12, 1968. We also note that the judgment so entered dismissed the counterclaim against the appellant.

The trial court did make a specific finding of fact in the cognovit and replevin action that Helgesen was acting as agent of the appellant when it erected the silo. However, findings of fact are not appealable. *Jaster v. Miller* (1955), 269 Wis. 223, 233, 69 N. W. 2d 265.

We conclude that the finding of fact as to agency in the cognovit and replevin action was superfluous and did not affect the judgment from which the appeal was taken. Thus, we do not reach the merits of this issue.

*Compliance with secs. 241.13 and 241.134, Stats. 1963.*

In dismissing the appellant's action on its reopened cognovit note judgment, the trial court found that when the appellant "decided to sell the replevied silo, it was, in effect, forclosing on [its] chattel mortgage and, therefore, it was clearly bound by the provisions of secs. 241.13 and 241.134, Wis. Stats. 1963."

Sec. 241.13 (1), Stats., expressly states:

"No private or public sale of any personal property *taken by virtue of any chattel mortgage,* lease or other instrument intended as security, except instruments covered by chapter 122, shall be made unless at least 10 days before such sale the mortgagee or his agent shall serve upon the owner of the equity of redemption in such property so taken, if he resides within the county, a written notice of such proposed sale served either as a circuit court summons is served, or served by mailing to him by registered mail; nor shall any property during such time be removed from the county where it was situated when taken; and during such period such property shall be subject to redemption by payment of the mortgage debt, and the actual and necessary costs and

expenses of taking and keeping it incurred at the time of making redemption. If the mortgagee intends to sue for a deficiency judgment in the event that the proceeds from the sale of the property covered by the mortgage are insufficient to satisfy the debt secured thereby, he shall so state in the notice given as specified in this subsection. Failure to so state shall bar the mortgagee from recovering such a judgment." (Emphasis supplied.)

Sec. 241.134 (1), Stats., states:

"No deficiency judgment *after foreclosure* shall be taken upon an obligation secured by a chattel mortgage, either on cognovit or otherwise, except in an action brought for that purpose with process served in the manner by law provided upon all the persons to be charged with such deficiency judgment. In such action the court shall find the reasonable value of the chattels sold at the time of sale and the sum then due on such obligation, including all proper costs and charges, and upon such findings shall grant the deficiency or deny a deficiency if none appears due." (Emphasis supplied.)

Under the above provisions defendants Bartelts were entitled to written notice that appellant intended to secure a deficiency judgment should the proceeds from the sale of the Harvestore be insufficient to extinguish the debt.

Under the defendants' agreement with appellant that the structure should be sold, we do not think the defendants were entitled to notice of sale. However, the agreement of sale under the circumstances of this case does not constitute a waiver by the defendants of their statutory right to written notice from the appellant of intent to secure a deficiency judgment.

Appellant contends that since defendants Bartelts, although residing in Dane county when appellant took the cognovit judgment, replevied the Harvestore and when the sheriff "tagged" the structure, were not entitled to the notice provisions of sec. 241.13 (1), Stats. 1963, because they subsequently moved to Dodge county prior to the

time of sale. We do not agree. Clearly, the statute was not intended to base the right to notice of sale and notice of deficiency judgment upon residency in a particular county. We think the residency provision of the statute relates to the manner of service of the notice. Although the statute lacks clarity, it should not be given an interpretation that leads to an absurd result.

We conclude that the trial court's determination that appellant was bound by the provisions of secs. 241.13 and 241.134, Stats. 1963, was correct.

*By the Court.*—Judgment affirmed.